[No. B067998. Second Dist., Div. Four. Feb. 16, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
CONNIE MARIA ORR, Defendant and Appellant.

**COUNSEL**

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Tricia A. Bigelow and Karen Chappelle, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—In a one-count information, appellant Connie Maria Orr was charged with murder (Pen. Code, § 187, subd. (a)) in the May 1989 beating death of Willie Stenson, with whom she lived.[1] She claimed self-defense and that she suffered from battered woman's syndrome. A jury found appellant not guilty of murder and of the uncharged lesser included offense of involuntary manslaughter (§ 192, subd. (b)). It was unable to decide whether she had committed the uncharged lesser included offense of voluntary manslaughter (§ 192, subd. (a)), and the court declared a mistrial as to that matter. In anticipation of a retrial on voluntary manslaughter, appellant entered a plea of not guilty on the ground that she had been once in jeopardy (§ 1023) and moved for dismissal. The court denied the motion. In a subsequent court trial, appellant was found guilty of voluntary manslaughter, and the allegation that she personally had used deadly and dangerous weapons—the victim's crutch and a bottle—was found true (§ 12022, subd. (b)).

Appellant contends that the principle of double jeopardy barred the second trial, asserting that involuntary manslaughter is a lesser included offense of voluntary manslaughter and her acquittal of the former offense served as an implied acquittal of the latter. We affirm the judgment.

### DISCUSSION

*Lesser included offenses:*

The essence of appellant's contention that her conviction must be reversed is as follows. Involuntary manslaughter is a lesser included offense of

---

[1] All statutory references are to the Penal Code.

voluntary manslaughter because involuntary manslaughter has two elements in common with voluntary manslaughter—a human being was killed and the killing was "unlawful." Because the jury acquitted her of involuntary manslaughter in the first trial, it necessarily determined that the respondent failed to prove at least one of those elements, presumably that the killing was "unlawful." Thus, her acquittal of involuntary manslaughter should have served to prevent the subsequent trial. We conclude that the argument fails because the "unlawful" element of involuntary manslaughter differs from that of voluntary manslaughter.

"[W]here an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. [Citation.]" (*People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512], disapproved on other grounds in *People* v. *Pearson* (1986) 42 Cal.3d 351, 357-358 [228 Cal.Rptr. 509, 721 P.2d 595].) The jury was instructed that both voluntary and involuntary manslaughter were lesser included offenses of murder (CALJIC No. 17.10 (1989 re-rev.)). In addition it was instructed, pursuant to CALJIC Nos. 8.40 and 8.45, regarding the elements of each of those offenses.

CALJIC No. 8.40 relating to voluntary manslaughter is as follows: "Every person who unlawfully kills another human being without malice aforethought but with an intent to kill, is guilty of *voluntary manslaughter* in violation of Section 192, subdivision (a) of the Penal Code. [¶] There is no malice aforethought if the killing occurred upon a sudden quarrel or heat of passion or in the honest but unreasonable belief in the necessity to defend oneself against imminent peril to life or great bodily injury. [¶] In order to prove such crime, each of the following elements must be proved: [¶] 1. A human being was killed, [¶] 2. *The killing was unlawful,* and [¶] 3. The killing was done with the intent to kill. [¶] *A killing is unlawful if it was neither justifiable nor excusable.*"[2] (Italics added.)

In comparison, CALJIC No. 8.45 relating to involuntary manslaughter is as follows: "Every person who unlawfully kills a human being without

---

[2]Section 197 provides that a killing is *justifiable* "when committed by any person in any of the following cases: [¶] 1. When resisting any attempt to murder any person, or to commit a felony, or to do some great bodily injury upon any person; or, [¶] 2. When committed in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony, or against one who manifestly intends and endeavors, in a violent, riotous or tumultuous manner, to enter the habitation of another for the purpose of offering violence to any person therein; or [¶] 3. When committed in the lawful defense of such person, or of a wife or husband, parent, child, master, mistress, or servant of such person, when there is reasonable ground to apprehend a design to commit a felony or to do some great bodily injury, and imminent danger of such design being accomplished; but such person, or the person in whose behalf the defense was made, if he was the assailant or engaged in mutual combat, must really and in good faith have endeavored to decline any

malice aforethought and without an intent to kill is guilty of the crime of *involuntary manslaughter* in violation of Penal Code section 192, subdivision (b). [¶] In order to prove such crime, each of the following elements must be proved: [¶] 1. A human being was killed, and [¶] 2. *The killing was unlawful.* [¶] *A killing is unlawful within the meaning of this instruction if it occurred: in the commission of an act, ordinarily lawful, which involves a high degree of risk of death or great bodily harm, without due caution and circumspection.*" (Italics added.)

■ In summary, in order to convict a person of voluntary manslaughter, the jury must find that the killing was intended and was *unlawful* in that it was *neither justifiable*, that is, did not constitute lawful defense of self, others, or property, prevention of a felony, or preservation of the peace (§ 197; see fn. 2, *ante*); *nor excusable*, that is, the killing did not result from a lawful act done by lawful means with ordinary caution and a lawful intent, and did not result from accident and misfortune under very specific circumstances, including that no dangerous weapon was used (§ 195; see fn. 2, *ante*). ■ In order to convict a person of involuntary manslaughter, the jury must find that the killing was *unlawful* in that it occurred in the commission of an ordinarily lawful act which inherently involved a high degree of risk of death or great bodily harm and was accomplished in a criminally negligent manner. The definition of *unlawful* as an element of involuntary manslaughter differs significantly from that of voluntary manslaughter and requires the trier of fact to make substantially different findings. ■ Voluntary manslaughter can be committed without committing involuntary manslaughter, and thus the latter is not a lesser included offense of voluntary manslaughter.

While both voluntary and involuntary manslaughter are lesser included offenses of murder, it does not follow that involuntary manslaughter is a

---

further struggle before the homicide was committed; or [¶] 4. When necessarily committed in attempting, by lawful ways and means, to apprehend any person for any felony committed, or in lawfully suppressing any riot, or in lawfully keeping and preserving the peace."

Section 195 provides that a killing is *excusable* in either of two circumstances. First, "[w]hen committed by accident and misfortune, or in doing any other lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent." (§ 195, subd. 1; see also CALJIC No. 5.00 [excusable homicide—lawful act].) Second, "[w]hen committed by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, when no undue advantage is taken, nor any dangerous weapon used, and when the killing is not done in a cruel or unusual manner." (§ 195, subd. 2; see also CALJIC No. 5.01 [excusable homicide—heat of passion].)

The court also instructed the jury pursuant to CALJIC Nos. 5.12 (justifiable homicide in self-defense), 5.13 (justifiable homicide—lawful defense of self or another), 5.15 (charge of murder—burden of proof regarding justification or excuse], 5.50 (self-defense—assailed person need not retreat), and 5.51 (self-defense—actual danger not necessary).

lesser included offense of voluntary manslaughter. They are merely siblings who have a common parent.

*Former jeopardy*:

Both federal and state Constitutions provide that a person cannot be subjected to more than one prosecution for the same offense. (U.S. Const., 5th and 14th Amends.; Cal. Const., art. I, § 15.) In addition, section 1023 provides: "When the defendant is convicted or acquitted or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, *or for an offense necessarily included therein*, of which he might have been convicted under that accusatory pleading." (Italics added; see also *People* v. *Greer*, *supra*, 30 Cal.2d at p. 596.) Appellant contends that her conviction must be reversed "premised in double jeopardy considerations because her acquittal of the lesser included crime of involuntary manslaughter operated as an 'implied acquittal' of the greater charge of voluntary manslaughter." The contention is without merit since, as discussed above, involuntary manslaughter is not a lesser included offense of voluntary manslaughter.

DISPOSITION

The judgment is affirmed.

Vogel (C. S.), Acting P. J., and Klein (Brett), J.,* concurred.

A petition for a rehearing was denied March 9, 1994, and appellant's petition for review by the Supreme Court was denied May 19, 1994. Mosk, J., and George, J., were of the opinion that the petition should be granted.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.