LEE, Justice, for the Court:
Dianne Martin and Charles E. Martin, husband and wife, were jointly indicted in the Circuit Court of Webster County for manslaughter of Joseph Brian Ramage, twenty-six month old son of Mrs. Martin and stepson of Charles Martin. A severance was granted, Charles Martin was tried, convicted and sentenced to twenty (20) years. That conviction was affirmed by this Court February 8, 1978 [Martin v. State, 354 So.2d 1114 (Miss.1978)]. Dianne Martin was tried May 24, 1977, convicted and sentenced to twenty (20) years and she appeals here. We reverse.
Appellant contends that a motion for directed verdict at the conclusion of all the evidence should have been sustained, and that there is no direct or circumstantial evidence connecting her with the crime.
About 8:00 a. m. on May 5, 1976, appellant went to town in the family automobile for the purpose of buying groceries. Her husband and child remained at home. About 8:30 on the same date, a neighbor, Terence Lee Atkins, saw Martin running across the yard with a child in his arms. Atkins got in his automobile, caught up with Martin and took him and the child to the Webster County Hospital. Martin told Atkins that the child had fallen from his high chair.
Mrs. Gayle Hitt, duty nurse at the hospital, detected that the child had no respiration, that there were multiple contusions about his head, that both eyes were black and swollen, that his pupils were of unequal size and non-reactive. Martin also told her that the child had fallen from bis high chair a short while before. Emergency treatment was administered, a tube was inserted in the child’s trachea, and he was flown to the University Medical Center in Jackson where he was attended and treated by Dr. Gwendolyn Hogan, an expert in the field of pediatrics and neurology, Dr. Nell Ryan, a specialist in pediatric neurology, and Dr. Robert Sanford, a neurosurgeon. The treatment by those physicians was ineffective and the child died after about seven (7) hours.
An autopsy was performed by Dr. Yazdi in the presence of Drs. Hogan and Ryan. It was his opinion from the autopsy that the cause of death was brain swelling (edema) as a result of trauma. The attending physicians were also of the opinion that the cause of the child’s death was swelling and tearing of the membranes of the brain and that the trauma was a result of jostling the brain when the head was battered from side-to-side. Also, they were of the opinion that the brain injury could not have been sustained by falling from a high chair. There was no noticeable lump or knot on the child’s head. They detected recent bruises about the child’s head, and bruises over his trunk, back and genitalia which were probably two or three days old.
Martin testified that he and the child were at home alone, the child was sitting in a high chair, a poodle dog jumped up on the chair and the child fell to the floor, striking his forehead and rendering him unconscious. He picked up the child and was taking him to the hospital when he was intercepted by Atkins. He explained the *70 bruises on the child’s body as having been sustained when the child fell over some lumber at one time and fell in a boat another time. Martin exonerated appellant of any fault or blame in the matter, and it is undisputed that she was not present when any injuries or bruises were sustained by the child.
Appellant denied having struck the child or having done anything to cause him injuries. She testified that she was not present at any time when Martin chastised the child, that she inquired of him about some marks or bruises on the child, and that Martin gave a satisfactory explanation.
In passing on a motion for directed verdict, all the evidence, together with reasonable inferences, are accepted as true. Lee v. State, 338 So.2d 395 (Miss.1976). The trial court must consider all evidence and reasonable inferences flowing therefrom in the light most favorable to the State. Glass v. State, 278 So.2d 384 (Miss.1973). Likewise, the principle is established that where the evidence is insufficient to support a verdict of guilty, a peremptory instruction of not guilty or a directed verdict of not guilty should be granted. Davenport v. State, 144 Miss. 273, 109 So.2d 707 (1926).
The evidence introduced against appellant is circumstantial. The height to which the evidence must rise in a circumstantial evidence case to sustain a guilty verdict is stated in Pryor v. State, 239 So.2d 911 (Miss.1970), and numerous other cases, as follows:
“The defendant and both of his coin-dictees testified that he took no part in the robbery and knew nothing about it until they were arrested. The defendant denied that he was in the front seat of the automobile at any time and said that he never at any time ‘got behind the wheel.’ Guilt by mere association is not a concept of criminal law in this state. Matual v. State, 220 So.2d 833 (Miss.1969).
All the evidence on which the State seeks to base a verdict of guilty is circumstantial. In order for circumstantial evidence to rise to that degree of proof necessary to establish a fact above mere suspicion it must be such as to exclude every other reasonable hypothesis than that of guilt. Love v. State, 208 So.2d 755 (Miss.1968); Westbrook v. State, 202 Miss. 426, 92 So.2d 251 (1947).” 239 So.2d at 912-913.
The only evidence connecting appellant with the crime indicated there were some old bruises on the child with the inference that appellant knew about them, and that appellant did not show concern when she. saw the child at the Webster County Hospital. The State contends that a parent is charged with the custody, welfare and protection of her child and cites Mobley v. State, 227 Ind. 335, 85 N.E.2d 489 (1949). However, that case simply states that to actively countenance and support the doing of a criminal act by another is to encourage it within the meaning of the aiding and abetting statute and that a person encouraging the commission of a felony is guilty as a principal. The evidence in the present case does not indicate that appellant encouraged the abuse of her child by Martin, or that she was present, aiding and abetting in any abuse of the child.
We are of the opinion that the evidence against appellant does not measure up to the rule established in Pryor v. State, supra, that it has not risen to the degree necessary to establish her guilt above mere suspicion and to the exclusion of every other reasonable hypothesis than that of her guilt, and that the trial court should have sustained the motion for a directed verdict of not guilty.
In view of the conclusion we have reached on the first assignment of error, it is unnecessary to discuss the other assigned errors.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.