IN THE SUPREME COURT OF MISSISSIPPI
NO. 1998-KA-01333-SCT

*AL GLENN ALEXANDER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/1998 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | KEMPER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES W. WRIGHT, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | E. J. MITCHELL, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 11/18/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/09/99 |

## BEFORE PITTMAN, P.J., MILLS AND WALLER, JJ.

## MILLS, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Al Glenn Alexander was convicted by a Kemper County jury of possession of methamphetamine and cocaine. Alexander received a three (3) year suspended sentence with a three (3) year supervised probation. From that conviction and sentence, Alexander appeals. For the reasons set forth below, we reverse and render this case.

### ISSUES

**I. WHETHER THE STATE PROVED CONSTRUCTIVE POSSESSION OF CONTROLLED SUBSTANCES.**

**II. WHETHER THE CIRCUIT COURT ERRED IN DENYING THE REQUESTED CIRCUMSTANTIAL EVIDENCE INSTRUCTION OF THE DEFENDANT.**

**III. WHETHER THE CIRCUIT COURT ERRED IN EXCLUDING A THEORY OF DEFENSE WITH EVIDENCE OF A WRONGFUL DEATH CIVIL SUIT RESULTING FROM THE ACCIDENT.**

**IV. WHETHER THE CIRCUIT COURT ERRED IN ADMITTING CONTROLLED**

**SUBSTANCES WITHOUT A CREDIBLE CHAIN OF EVIDENCE.**

**V. WHETHER THE CIRCUIT COURT ERRED IN SENTENCING DEFENDANT TO A FELONY INSTEAD OF A MISDEMEANOR.**

<u>FACTS</u>

¶2. Kemper County resident Al Glenn Alexander was involved in a traffic accident on June 27, 1997, resulting in the death of Mark Wilson and serious injuries to himself. The accident involved two vehicles, an International tractor trailer driven by Alexander, and a Ford pick-up truck driven by Wilson. The logging truck was not immediately secured by law enforcement at the scene of the accident, and approximately fifty (50) people surrounded the wrecked truck shortly after the collision.

¶3. At the scene of the accident and while still trapped in the wrecked tractor-trailer, Alexander asked Ray "Tooney" Hill, Jr., a bystander, whether there was anyone else around the accident scene. Alexander told Hill that there was something in the truck, "a box", that needed to be removed. Alexander was subsequently removed from the wreckage and taken to the hospital. The tractor trailer rig was removed from the scene of the accident and taken to the shop of Allen Logging Company. Approximately five hours after the wreck, Hill approached the wrecked truck at Allen Logging to retrieve business papers and Alexander's wallet. Hill found a flannel shirt in the wrecked truck that contained a coin purse and a 35 millimeter film canister in the shirt pocket. The coin purse contained a mirror, straw and razor blade, while the film canister held a plastic sack, in which there was "dust looking stuff."

¶4. Hill delivered the items to Joe Allen, owner of the truck, who placed the evidence in his bedroom chest of drawers for two days before he gave it to Sheriff Mike McKee. Testimony at trial established that no one knew that the evidence was stored in Allen's home during the two day period, and no one had access to Allen's bedroom chest of drawers, nor did anyone tamper with the items. Sheriff McKee delivered the evidence Officer Michael Cain with the Mississippi Highway Patrol. Officer Cain locked the evidence in his trunk and subsequently delivered the material to Jamie Johnson at the Mississippi Crime Lab in Meridian for analysis. Johnson testified that the result of her analysis showed residue of cocaine in the film canister and residue of both cocaine and methamphetamine in the coin purse. Alexander was subsequently indicted for possession of methamphetamine and cocaine.

¶5. Joe Allen, the owner of Allen Logging Company, was questioned during trial and outside the presence of the jury in a proffer by the defendant on the wrongful death suit filed by the survivors of Mark Wilson, who was killed as a result of the collision with the truck driven by Alexander. Allen admitted that there was an allegation that drugs were involved in the accident but that drug tests determined that this was not true. Toxicologist reports submitted by the Mississippi Crime Lab indicated an absence of drugs or alcohol in both drivers. Allen testified that the civil suit had been settled prior to trial. Alexander's attorney argued that the jury should have been given information about the civil suit because it involved a large amount of money, which could supply a motive for persons to use the drugs later found by Hill in the wrecked truck.

¶6. Alexander moved for a mistrial at the conclusion of the State's case because of the alleged inability to present his theory of defense, the contention being that drugs were planted to enhance his liability in the wrongful death suit. This motion was overruled by the trial court. Alexander was found guilty and sentenced to serve a three year suspended sentence with a three-year supervised probation.

## DISCUSSION

### I. WHETHER THE STATE PROVED CONSTRUCTIVE POSSESSION OF CONTROLLED SUBSTANCES.

¶7. Alexander argues that since traces of controlled substances were not found on his person, there is insufficient evidence to warrant a finding of constructive possession. Alexander also points out that many people had access to the wrecked truck since bystanders surrounded the wreck immediately following the accident; the accident scene was not immediately secured; and a period of approximately five hours elapsed from the time of the wreck until Hill discovered the contraband in the truck. Critically, Alexander alleges that there was no evidence establishing that the shirt containing the drugs belonged to him. Because he lacked control of the "premises" and actual possession of the drugs, Alexander argues that the State failed to produce evidence connecting him to the methamphetamine or cocaine.

¶8. The State, on the other hand, argues that Alexander's statement to Hill that, "...there is something in a box. I don't really want nobody to see it. You know, don't nobody need to see it" amounts to an admission against interest sufficient to connect Alexander with the drugs.

¶9. For authority on the issue of possession, Alexander submits that the case *sub judice* is consistent with *Powell v. State*, 355 So.2d 1378, 1379 (Miss.1978), where we held that "[w]here the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband." We have reiterated our position on this issue by requiring that:

> There must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control.

*Pate v. State*, 557 So.2d 1183, 1184 (Miss.1990) (quoting *Guilbeau v. State*, 502 So.2d 639, 641 (Miss. 1987)

(quoting *Curry v. State*, 249 So.2d 414, 416 (Miss. 1971)).

¶10. In *Jackson v. State*, 689 So.2d 760 (Miss.1997), we found that there was sufficient evidence for inferring that a criminal defendant was aware of the presence and character of cocaine found in a car he was driving while on a trip to New Orleans on behalf of his employer. We stated that:

> To prove constructive possession, the State must have provided evidence that the contraband was under the dominion and control of the defendant. *Roberson v. State*, 595 So.2d 1310, 1319 (Miss.1992). Where the defendant is not in control of the premises, that is, the car, the State has the burden of proving competent evidence which would connect the defendant to the cocaine. *Campbell v. State*, 566 So.2d 475, 476 (Miss.1990).

*Jackson*, 689 So.2d at 767. Alexander was not in "exclusive dominion and control" of the wrecked truck when the drugs were found. A period of approximately five hours elapsed between the time of the wreck and the discovery of the drugs; consequently, following *Powell* and *Pate*, the facts in this case are insufficient, by themselves, to prove constructive possession.

¶11. Since Alexander was not in exclusive dominion and control of the truck when the drugs were found, *Jackson* places the burden upon the State to provide competent evidence which would connect Alexander with the cocaine and methamphetamine residue. The State offered Alexander's statement to Ray Hill, that there was "something in a box", presumably as an admission for sustaining this evidentiary burden. "An admission is an acknowledgment by the accused of certain facts which tend, together with other facts, to establish his guilt. *Jackson v. State*, 551 So.2d 132, 138 (Miss.1989)(quoting 4 Wharton's Criminal Evidence, § 651 at 218 (14th ed. 1987)).

¶12. The jury was given a "constructive possession" instruction based on this statement alone. Whether subsequent discovery of drug residue suffices for establishing a foundation of "other facts" for an admission is a seriously diminished proposition when considering the five-hour lapse of the truck being unsecured. Such a statement, by itself, goes beyond the outer limits of instances where a "constructive possession" instruction is proper.

¶13. The statement by Alexander *was* relevant to the case. However, the State failed to establish that Alexander owned the shirt or coin purse containing the contraband. Therefore, no evidence was introduced linking the statement to the physical evidence. This defect renders this cause reversible.

### II. WHETHER THE CIRCUIT COURT ERRED IN DENYING THE REQUESTED CIRCUMSTANTIAL EVIDENCE INSTRUCTION OF THE DEFENDANT.

¶14. Alexander argues that since the evidence against him is purely circumstantial in nature, the State has the burden of proving him guilty beyond a reasonable doubt and to the exclusion of every reasonable theory of innocence under *Givens v. State*, 618 So.2d 1313 (Miss.1993). Good authority persuades us that there should have been a jury instruction directing the exclusion of every reasonable hypothesis other than guilt in order to convict. Alexander relies heavily upon *Keys v. State*, 478 So.2d 266, 267 (Miss.1985), where we held that:

> It is the law in this state that, where the evidence for the prosecution is wholly circumstantial in nature, the accused is entitled upon request to have the jury instructed that, before they may convict, they must find that each element of the offense has been established beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. *See, e.g., Billiot v. State*, 454 So.2d 445, 461-62 (Miss.1984). There is, to be sure, loose talk in some of our cases to the effect that the circumstantial evidence instruction must be given where only one of the elements of the offense charged is established circumstantially. *See, e.g., Collins v. State*, 447 So.2d 645, 646 (Miss.1984); *King v. State*, 315 So.2d 925, 926 (Miss.1975); *Love v. State*, 208 So.2d 755, 757 (Miss.1968). A correct statement of the law is that the instruction must be given only where the prosecution is without a confession and wholly without eyewitnesses to the gravamen of the offense charged.

(footnote omitted).

¶15. We believe reasonable persons might disagree whether a statement about a "box" is tantamount to a confession of possessing drugs. Alexander made the statement to Ray Hill while he was trapped in the wrecked truck, hanging upside down, bleeding and suffering from a broken limb. Hill never testified that Alexander mentioned anything about drugs, and no drugs were found at the scene of the accident. Alexander was tested for the presence of drugs in his blood immediately after the accident, and the results

were negative. Joe Allen testified that Alexander wanted a piece of stereo equipment commonly referred to as a "kick-box" removed from the wrecked truck. Instead of the drug residue being found in "a box", the residue was found in a flannel shirt that was never identified as belonging to Alexander. No testimony was offered by the State as to why Alexander would have been wearing a long-sleeve flannel shirt in late June -- the middle of summer.

¶16. We have noted that the definition of circumstantial evidence gives rise to linguistic problems which do not fit into nice, neat mutually exclusive categories of either direct or circumstantial evidence, holding that, "Circumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such a fact does exist. Conversely, eye witness testimony is thought of as direct evidence."*Keys*, 478 So.2d at 268. But Hill's testimony about Alexander mentioning "a box" would not qualify as direct evidence because Alexander's statement, under the circumstances, was hardly an admission and certainly not a confession.

¶17. In *Jones v. State*, 635 So.2d 884, 887 (Miss.1994), we concluded that where intent alone is sought to be proved by circumstantial evidence, no instruction on circumstantial evidence is necessary. *See also Williams v. State*, 445 So.2d 798 (Miss.1984); 23A C.J.S. *Criminal Law* § 1250 (1961). The case *sub judice* is distinguishable from *Jones* because the defendant in that case was charged with possession of a controlled substance with intent to sell, and he admitted to actual physical possession of marijuana. In the instant case Alexander was not in physical possession of any controlled substance. The State was not attempting proof of the singular element of intent but was trying to prove "constructive possession" with competent evidence connecting Alexander to the cocaine and methamphetamine residue.

¶18. The most troubling fact of all is that the shirt containing the drug residue was not found until at least five hours after the wreck. In that five hour period, the truck was unsecured by law enforcement, allowing a dangerous window of opportunity for someone to plant the evidence. To take the State's position and construe a statement concerning "a box" as an admission of drug possession is a radical expansion of the testimony and facts contained in the record. The denial of Alexander's requested circumstantial evidence instruction was therefore error.

### III. WHETHER THE CIRCUIT COURT ERRED IN EXCLUDING A THEORY OF DEFENSE WITH EVIDENCE OF A WRONGFUL DEATH CIVIL SUIT RESULTING FROM THE ACCIDENT.

¶19. Alexander argues that the conviction should be reversed because his theory of the criminal case, that someone "planted" the contraband to bolster the wrongful death suit, was never presented to the jury. We have held that:

> Defendants are entitled to have instructions on their theory of the case presented to the jury for which there is a foundation in evidence, even though the evidence might be weak, insufficient, inconsistent or of doubtful credibility, and even though the sole testimony in support of the defense is the defendant's own testimony.

*Welch v. State*, 566 So. 2d 680, 684 (Miss. 1990).

¶20. After considering Alexander's theory of defense and the accompanying plea to let the jury decide the credibility of the evidence, the circuit court said:

Yes. Well, I totally, one-hundred percent disagree with your theory, and I thinks it's totally inappropriate. It's not material, and it's not relevant. But your record is made...

¶21. Alexander promptly moved for a mistrial, alleging that based on the ruling, there was no way to provide for an adequate defense consistent with his theory. The motion for mistrial was denied. A theory of defense alleging that other persons may have had a motive to frame Alexander *was* relevant. "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. M.R.E. 401. The evidence of a civil action, while admittedly weak and possibly farfetched, was the only evidence supporting Alexander's theory of defense. *Welch* mandates the conclusion that Alexander should have been allowed to present the jury with his theory.

¶22. We must now consider whether the lower court's failure to give the "theory of defense" instruction was harmless error. In *Giles v. State*, 650 So.2d 846 (Miss.1995), we considered the great importance of granting a theory of defense to an accused, holding that:

> In a homicide case, as in other criminal cases, the court should instruct the jury as to theories and grounds of defense, justification, or excuse supported by the evidence, and a failure to do so is error requiring reversal of a judgment of conviction. (Citations omitted). Even though based on meager evidence and highly unlikely, a defendant is entitled to have every legal defense he asserts to be submitted as a factual issue for determination by the jury under proper instruction of the court. (Citations omitted). Where a defendant's proffered instruction has an evidentiary basis, properly states the law, and is the only instruction presenting his theory of the case, refusal to grant it constitutes reversible error.

*Id.* at 849 (quoting *Hester v. State*, 602 So.2d 869, 872 (Miss. 1992)).

¶23. This holding is consistent with precedent of the United States Court of Appeals for the Fifth Circuit. *United States v. Rubio*, 834 F.2d 442, 446 (5th Cir.1987) ("It has long been well established in this Circuit that it is reversible error to refuse a charge on a defense theory for which there is an evidentiary foundation and which, if believed by the jury, would be legally sufficient to render the accused innocent." (quoting *United States v. Lewis*, 592 F.2d 1282, 1285 (5th Cir.1979)).

¶24. In *Hoover v. State*, 552 So. 2d 834, 841 (Miss. 1989), this Court found that unless the substantial right of a party to a fair trial is affected by an exclusion of evidence, an exclusion will be deemed harmless error. When dealing with Constitutional issues such as the right to a fair trial involved here, reversal is not required if "on the whole record, the error was harmless beyond a reasonable doubt." *Id.* at 841 (citing *United States v. Hastings*, 461 U.S. 499, 509, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983); *Chapman v. California*, 386 U.S. 18, 23-24, 87 S.Ct. 824, 827-28, 17 L.Ed.2d 705 (1967)). *See also*, *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Our then existing rules required a judgment to be affirmed unless the exclusion affected a substantial right of the party offering the evidence. *Darby v. State*, 538 So. 2d 1168, 1173-74 (Miss. 1989).

¶25. Examination of the record as a whole reveals that Alexander was unable to even draw an inference that Wilson's survivors may have had a motive for framing Alexander with a wrongful death suit. Application of *Hoover* with the record shows the circuit court's denial of the "theory of defense" instruction did affect a substantial right in Alexander's quest for a fair trial. During this period of time there was a

possibility, however remote, that someone could have planted the flannel shirt containing drugs for use in bolstering civil liability against Alexander. He was entitled to present this defense to the jury. Therefore, the lower Court committed reversible error in failing to grant Alexander's theory of defense.

## IV. WHETHER THE CIRCUIT COURT ERRED IN ADMITTING CONTROLLED SUBSTANCES WITHOUT A CREDIBLE CHAIN OF EVIDENCE.

¶26. Alexander argues that the chain of custody for the drug residue was defective and specifically focuses on the transfer of the contraband from Joe Allen to Sheriff Mike McKee. Allen received the film canister containing the drug residue from Ray Hill, and he stored the evidence in his chest of drawers for two days before finally delivering it to Sheriff McKee. Testimony at trial established that no one knew the evidence was stored in Allen's home during the two day period, no one had access to Allen's bedroom chest of drawers, and no one tampered with the evidence.

¶27. Sheriff McKee sealed the evidence and delivered it to Officer Cain of the Mississippi Highway Patrol. Cain delivered the evidence to the Mississippi Crime Lab in Meridian on July the 7th for analysis. While there is some indication of delays in terms of the time it took for Allen to pass the evidence to McKee, or for Cain to make the delivery at the Crime Lab, nothing in the record suggests any tampering occurred during these transfers.

¶28. The test for chain of custody is to ascertain whether there is any indication of tampering or substitution of the evidence. *Gibson v. State*, 503 So.2d 230, 234 (Miss.1987). Whether a chain of custody has been properly established is left to the discretion of the trial court. *Nalls v. State*, 651 So.2d 1074, 1077 (Miss.1995).

¶29. We are compelled to note the distinction between the "chain of custody" issue and the five-hour lapse when the wrecked truck was unsecured after the accident and before Hill discovered the contraband. The chain of custody did not begin until Hill discovered and took possession of the evidence in the truck after it had been removed from the accident scene and taken to Allen's place of business. The more serious problem is the fact that the wrecked truck was unsecured for at least five hours. Anyone could have had access to the wreckage for purposes of "planting" or tampering with the evidence. While this is a critical fact on the issues discussed above, it does not present a significant problem to the familiar law on "chain of custody" as discussed here. Because there was no indication from the record that tampering or substitution of the evidence occurred after Hill discovered the evidence in the wrecked truck, we find no merit in this issue.

## V. WHETHER THE CIRCUIT COURT ERRED IN SENTENCING THE DEFENDANT TO A FELONY INSTEAD OF A MISDEMEANOR.

¶30. Alexander was convicted of possession of methamphetamine and cocaine and given a three (3) year suspended sentence with a three (3) year supervised probation. The State cites the pertinent part of Miss. Code Ann. § 41-29-139(c) (Supp.1999) as follows:

(1) A controlled substance classified in Schedule I or II, except marihuana, in the following amounts shall be charged and sentenced as follows:

(A) Less than one-tenth (0.1) gram or one (1) dosage unit or less *may be charged as a misdemeanor or felony*. If charged by indictment as a felony: by imprisonment not less than one (1)

nor more than four (4) years and a fine not more than Ten Thousand Dollars ($10,000.00). If charged as a misdemeanor: by imprisonment for up to one (1) year and a fine not more than One Thousand Dollars ($1,000.00).

(emphasis added). Alexander argues that "[W]hen the facts which constitute a criminal offense may fall under either of two statutes, or when there is a substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment." *White v. State*, 374 So.2d 225, 227 (Miss.1979).

¶31. The present case is clearly distinguishable from *White*. In that case, we considered two kidnapping statutes, one of which provided for punishment not to exceed ten (10) years in the penitentiary and the other which provided the jury to return a sentence for life. The Court was unable to determine which statute was contained in the indictment, so the defendant's conviction was reversed and remanded for proper sentencing. We also admonished the Legislature to repeal one of the statutes, retain the other, and prescribe a just penalty for the crime of kidnapping.

¶32. The case *sub judice* is different. All parties agree that Alexander was convicted of possession of cocaine and methamphetamine under Miss. Code Ann. § 41-29-115(a)(C)(3) (Supp. 1999), which establishes the elements of criminal possession for controlled substances and sentencing directives. In *White*, there were two statutes for kidnapping which set forth the elements of the crime and different punishments for a conviction in each statute. In the instant case, Alexander was convicted of possession under one statute that defined the elements and the provisions for punishment according to whether the indictment was for a felony or a misdemeanor, and the indictment was for a felony.

¶33. Since Alexander was convicted and sentenced under the only statute providing for the elements and punishment of these crimes, the sentence would have been proper had he been justly convicted because Miss. Code Ann. § 41-29-139(c)(1)(A) clearly says that the crime of possession in the indictment "may be charged as a misdemeanor or felony." The statute then gives guidelines for sentencing on a felony charge or a misdemeanor charge. Therefore, the sentence would have been proper but for the fact that the trial court committed reversible error as set forth in the preceding issues. This issue is consequently without merit.

## CONCLUSION

¶34. Upon conviction of the criminal defendant, the presumption of innocence is replaced by a presumption that the conviction is valid and may only be rebutted by a finding of reversible error on appeal. *Chapman v. State*, 725 So.2d 744, 745 (Miss.1998) (*citing* **Gollott v. State**, 646 So.2d 1297 (Miss.1994)). When a defendant challenges the sufficiency of the evidence to support a conviction, the evidence which supports the verdict is accepted as true by the reviewing court, and the State is given the benefit of all reasonable inferences flowing from the evidence. *Id.* at 745, citing *Rhodes v. State*, 676 So.2d 275, 281 (Miss. 1996). In spite of this highly deferential standard of review, we conclude that the evidence in the record is insufficient to convict Alexander of possession of cocaine and methamphetamine.

¶35. The only evidence in this case which implicates Alexander is the film canister contained in the flannel shirt which was recovered from the wreck five hours after the accident. The physical presence of the drugs in the film canister is rendered highly suspect, however, by the fact that five hours elapsed from the time of the accident until Ray Hill discovered the evidence. Moreover, there was no evidence in the record which linked the drugs to Alexander. The State completely failed to establish that the shirt, coin purse or film

canister belonged to Alexander. Absent such proof, the circumstantial evidence remaining is insufficient to support a verdict of guilty in this case. Giving all reasonable evidentiary inferences to the State, we nevertheless conclude that the State failed to meet its burden of proving Alexander guilty beyond a reasonable doubt. *See McQueen v. State*, 423 So.2d 800 (Miss.1972); *Martin v. State*, 361 So.2d 68 (Miss.1978); *Cunningham v. State*, 583 So.2d 960 (Miss.1991); *Corbin v. State*, 585 So.2d 713 (Miss.1991). Therefore, we reverse the judgment of the Kemper County Circuit Court, and we render judgment here acquitting and discharging Al Glenn Alexander.

¶36. **REVERSED AND RENDERED; APPELLANT DISCHARGED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, WALLER AND COBB, JJ., CONCUR.**