SOUTHWICK, P.J., for the Court.
¶ 1. Cornelius Cannady was convicted by a Hinds County Circuit Court jury of uttering a forgery. On appeal, Cannady submits that weaknesses in the evidence entitled him either to a directed verdict or at least a new trial. He also complains about denied jury instructions. We affirm.
STATEMENT OF FACTS
¶2. On February 28, 2000, Cornelius Cannady deposited a $4,500 check drawn on a Deposit Guaranty account for “Abe’s Auto World” into his business account at First American Bank. Upon receiving his bank statement, Abe Nemati contacted Deposit Guaranty and contested the validity of the check. He and Ingrid Ali, whose alleged signature also appeared on the check, prepared an affidavit of forgery on *1002 March 9, 2000. The $4,500 was restored to Nemati’s account.
¶ 3. Mary Ann Bacon-Franklin for First American Bank contacted Cannady to inform him that the check was a forgery and to discuss options for repayment of the resulting overdraft of Cannady’s account. Cannady offered to repay the debt and to obtain information on “Lisa Williams,” the payee of the check who purportedly endorsed it over to Cannady for the purchase of an automobile.
¶ 4. Cannady attempted to secure a loan from First American to cover the overdraft and was denied. With no payment forthcoming, Bacon-Franklin contacted Charlie Foreman, a Hinds County Sheriffs financial crimes investigator assigned to work with the Secret Service. On April 5, Foreman signed an affidavit on behalf of First American charging Cannady with uttering a forgery. Cannady was subsequently tried and convicted. His appeal has been deflected here.
DISCUSSION

1. Sufficiency and weight of the evidence

¶ 5. Cannady first argues that the State’s evidence presented at trial was insufficient to support his conviction. In his view, the lower court should have granted his motions for directed verdict or judgment notwithstanding the verdict. Alternatively, Cannady submits that he should have been granted a new trial. Cannady bases his argument on the alleged failure of the State to demonstrate his guilty knowledge of the uttered forgery. See Miss.Code Ann. § 97-21-59 (Rev.2000).
¶ 6. To consider on appeal an argument that evidence is insufficient to uphold conviction, we examine all of the evidence presented to the fact-finder, including reasonable inferences that arise from other evidence, in the light that is consistent with the verdict of guilt. After evaluating the evidence in this manner, we reverse only if rational and fair-minded jurors could not have found the defendant guilty beyond a reasonable doubt. Brooks v. State, 695 So.2d 593, 594 (Miss.1997).
¶ 7. Cannady relies on a precedent in which an issue was made of the accused’s knowledge of the forged nature of the instrument that was presented for payment. Wiseman v. State, 771 So.2d 977 (Miss.Ct.App.2000). This is what justified conviction in Wiseman:
There was more than enough evidence presented in this case not only for a jury to decide Wiseman had the required amount of knowledge to meet the elements of uttering a forgery, but also for this Court. As stated above, the testimony of the State’s witnesses, Wise-man’s presenting false identification, Wiseman’s possession of the other cheeks for Igen Troy Stewart, and Wise-man’s admission to the police, all taken together, make it very easy to find that he had knowledge of the forged instrument. It is completely reasonable to reach this conclusion; therefore, the State succeeded in proving all of the elements of the crime of uttering a forgery.
Id. at 978.
¶8. Cannady interprets our capsule of the Wiseman record as demonstrative of the types of facts necessary to satisfy the guilty knowledge element for uttering a forgery. He notes that, unlike the Wise-man case, in this record there was no proof of false or misleading identification, no other stolen checks, and no incriminating statements to police. We agree that the State’s case would have been stronger and closer to the Wiseman facts had such evidence been presented.
¶ 9. Cannady presented no case after the State rested. There was no dis *1003 pute that the cheek presented at First American for deposit was in Cannady’s possession prior to being presented. As such, a rebuttable presumption of his guilty knowledge arose. “It is well settled that either unexplained or unsatisfactorily explained possession of a forged instrument by the defendant is prima facie evidence that he either committed the forgery himself, or procured another to do so.” Rowland v. State, 531 So.2d 627, 630 (Miss.1988). Cannady offered no meaningful support for his explanation of events and therefore did not counter the State’s prima facie case. There was no evidence that the person who allegedly presented the check to Cannady in exchange for an automobile existed; no evidence was offered that any automobile had been sold by Cannady in exchange for this check; there was no bill of sale, no record of a transfer of title, or anything else to explain satisfactorily his possession of the forgery. The occurrence of this alleged automobile sales was the unexplored matter at trial. The State could have tried to prove a negative and had a stronger case. Canna-dy could have tried to prove a positive and had a strong defense. Absent any such evidence, reasonable jurors could find Can-nady guilty.
¶ 10. Cannady alternatively submits that the trial court erred in denying his motion for new trial. This challenges the weight of the evidence. In considering reversal, we cannot overturn the lower court unless to allow the verdict to stand would result in “unconscionable injustice.” Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). We do not find the verdict yields such injustice, and we decline to overturn the lower court judgment.

2. Jury instructions

¶ 11. Cannady contends that the lower court’s refusal to grant two jury instructions denied him a fair trial. The first argument concerns instruction D-3, which Cannady argues was necessary to present his theory of the case to the jury. The important language from the instruction includes that Cannady’s defense was his lack of knowledge of the forgery: “Knowledge on the part of the Defendant that this check was false and forged at the time the check is presented is an essential element of the crime” and acquittal is required if jurors were not convinced beyond a reasonable doubt of the existence of that knowledge.
¶ 12. This instruction issue renews from a different perspective Cannady’s argument that the State failed to prove his guilty knowledge of the forgery. However, this instruction was not necessary to present the issue to the jury. Jurors were told in other instructions that Cannady must have known the check was forged and that all elements must have been proven beyond a reasonable doubt. “Where other instructions have both fairly and fully informed the jury, reversal is not warranted on appeal for an error in the instruction.” Caston v. State, 823 So.2d 473, 506 (Miss.2002). We find no error in the lower court refusing to grant this instruction.
¶ 13. The second alleged error was the denial of a fairly standard circumstantial evidence instruction. Such an instruction is necessary when the State has been unable to produce an eyewitness or a confession to the gravamen of the offense; it is only then that the evidence will be considered wholly circumstantial in nature and for the circumstantial evidence explanation to be needed. Keys v. State, 478 So.2d 266, 267 (Miss.1985).
¶ 14. Essential elements of the indictment against Cannady were proven by direct evidence, including the forged nature of the check and Cannady’s possession. Evidence of intent and knowledge arose solely from inferences. Almost always, criminal intent can be shown only by *1004 circumstances. Taylor v. State, 656 So.2d 104, 108 (Miss.1995). When “intent alone is sought to be proved by circumstantial evidence, no instruction on circumstantial evidence is necessary.” Alexander v. State, 749 So.2d 1031, 1037 (Miss.1999). We find that if knowledge and intent are the only matters to be proven by inference or circumstance, both being largely subjective absent an admission, no circumstantial evidence instruction is needed.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY OF CONVICTION OF UTTERING A FORGERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS’ POST-RELEASE SUPERVISION AND PAY $4,500 IN RESTITUTION IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.