# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-KA-01228-SCT

*TIMOTHY ANDREW TAIT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/30/92 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID M. ISHEE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART, REVERSED AND REMANDED IN PART - 2/22/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/14/96 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Timothy Andrew Tait was indicted by the Jackson County Grand Jury in its April 1992 Term for murdering Christopher Canon on September 20, 1991, while Tait was engaged in acts imminently dangerous to others and evincing a depraved heart, regardless of human life, although, without any premeditated design to effect the death of any particular person, in violation of section 97-3-19(1)(b) of the Mississippi Code. Tait was tried in the Circuit Court of Jackson County, and the jury returned a verdict finding Tait guilty of murder. The lower court sentenced Tait to serve a term of life imprisonment and to pay all costs.

¶2. Aggrieved, Tait appeals to this Court, raising nine issues, of which only Issues I and II warrant discussion. These two issues overlap and are considered together. Tait argues that the weight and

sufficiency of the evidence did not support a conviction of murder and that if his conduct constituted any crime at all, that crime would be manslaughter. Tait failed to offer any manslaughter instruction but the State offered and was given a heat of passion manslaughter instruction. We find no merit to any of Tait's issues. After thorough consideration we find beyond a reasonable doubt that Tait's conduct constituted the crime of manslaughter by culpable negligence and therefore we affirm on that crime. Tait's conviction for murder is reversed and this case is remanded to the Jackson County Circuit Court for resentencing on culpable negligence manslaughter.

## *STATEMENT OF THE FACTS*

¶3. On September 20, 1991, Timothy Tait, Germelle Washington and his brother, Jeffrey Triplett, Chris Cannon, and Regis Crawford were hanging out at an apartment in Kreole. All that day, Tim and Chris were playing with a gun. Tim and Chris had been close friends for about eight or nine years.

¶4. About four or five o'clock in the afternoon, Tim picked up a bracelet and asked Chris if he could wear it. Chris said he could not, and the two started joking around and horseplaying. Tim grabbed the gun and cocked it. He put it to Chris's head, and the gun went off. When that happened, Germelle Washington, who had been standing beside Tim and Chris putting his clothes on, ran outside and told the others to call the ambulance. Tim fell to the ground and started crying.

¶5. At approximately 4:45 p.m. on September 20, 1991, Officer Stanley Pritchett, a patrolman with the city of Moss Point, responded to a call he received while on duty. The call indicated that shots were fired in the Colonial Estate Apartments. When he arrived at the apartments, he was directed to Apartment 9. The front door was standing open and when he walked in, two males were lying on the floor in the front room on the right. One had a serious head wound. The male with the head wound was Chris Cannon. The other male was Timothy Tait. Tait was holding his head, sobbing, and saying, "I killed him. Oh, my God, I killed him. I shot him."

¶6. Officer Pritchett picked up a pistol which was laying in plain view by the coffee table. Approximately five or six minutes later, he turned the pistol over to the investigator, Richard Cushman. Cushman turned the gun over to Sergeant John Gaffney. The gun was a five-shot revolver. It contained one spent round, two empty chambers with no bullets, and two live rounds which had not yet been fired.

¶7. Dr. Paul McGarry performed the autopsy on Cannon. The cause of death was a gunshot into the forehead. Sergeant Gaffney received the projectile which Dr. McGarry removed from Cannon's head. Gaffney sent the projectile and the pistol to the Mississippi Crime Lab.

¶8. Steve Byrd, a forensic scientist specializing in firearms evidence examinations at the Mississippi Crime Lab, examined the pistol and the projectile. He determined that the projectile had at some point in time been fired from the pistol.

## *DISCUSSION OF LAW*

### I. DID THE TRIAL COURT ERR IN OVERRULING TAIT'S MOTION FOR DIRECTED VERDICT, IN DENYING HIS REQUEST FOR A PEREMPTORY INSTRUCTION OF NOT GUILTY AND IN OVERRULING HIS MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AS THE WEIGHT AND

**SUFFICIENCY OF THE EVIDENCE DID NOT SUPPORT A CONVICTION OF MURDER?**

**II. IF THE CONDUCT OF THE APPELLANT CONSTITUTED ANY CRIME AT ALL, WOULD THAT CRIME BE MANSLAUGHTER, NOT MURDER?**

¶9. Tait contends that his actions in killing Canon did not evince a depraved heart. He says that his conduct could at most be described as negligence constituting manslaughter. He appeals the denial of his motion for directed verdict, his request for a peremptory instruction, and his motion for judgment notwithstanding the verdict.

¶10. The standard to be used in considering a motion for judgment notwithstanding the verdict on appeal is as follows:

> The motion for judgment of acquittal notwithstanding the verdict tests the legal sufficiency of the evidence supporting the verdict of guilty. It is a renewal of the defendant's request for a peremptory instruction made at the close of all the evidence. It asks the court to hold, as a matter of law, that the verdict may not stand. *May v. State,* 460 So.2d 778, 780-81 (Miss.1984).

> Where a defendant has moved for j.n.o.v., the trial court must consider all of the evidence-not just the evidence which supports the state's case-in the light most favorable to the state. *May v. State,* 460 So.2d 778, 781 (Miss.1984). The state must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. *Glass v. State,* 278 So.2d 384, 386 (Miss.1973). If the facts and inferences *so considered* point in favor of the defendant with sufficient force that reasonable men could not have found *beyond a reasonable doubt* that the defendant was guilty, granting the motion is required. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight, that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand. *May v. State,* 460 So.2d 778, 781 (Miss.1984).

> In other words, once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged, short of a conclusion on our part that the evidence, taken in a light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. [citations omitted].

*Steele v. State,* 544 So.2d 802, 808 (Miss.1989) (quoting *Pharr v. State,* 465 So.2d 294, 301 (Miss.1984)); *see also Gray v. State,* 549 So.2d 1316, 1318-19 (Miss.1989). The standard for reviewing a denial of a directed verdict and a peremptory instruction is the same as that for a denial of a judgment notwithstanding the verdict. *Alford v. State,* 656 So.2d 1186, 1189 (Miss.1995). On appeal, this Court reviews the lower court's ruling when the legal sufficiency of the evidence was last challenged. *Smith v. State,* 646 So.2d 538, 542 (Miss.1994) (quoting *Wetz v. State,* 503 So.2d 803, 807-08, n. 3 (Miss.1987)).

¶11. The defendant was indicted and convicted under section 97-3-19(1)(b) of the Mississippi Code which provides that the killing of a human being shall be murder:

(b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual.

¶12. Subsection (b) of section 97-3-19(1) subsumes subsection (a) which defines murder as that which is done with deliberate design to effect the death of the person killed, or of any human being. *Hurns v. State,* 616 So.2d 313, 321 (Miss.1993). "As a matter of common sense, every murder done with deliberate design to effect the death of another human being is by definition done in the commission of an act imminently dangerous to others and evincing a depraved heart, regardless of human life." *Mallett v. State,* 606 So.2d 1092, 1095 (Miss.1992).

¶13. Mississippi's depraved heart murder statute has been construed by this Court as encompassing "a reckless and eminently dangerous act directed toward a single individual." *Windham v. State,* 602 So.2d 798, 802 (Miss.1992). Although a conviction of murder requires a showing of malice,

the sense of the word malice is not only confined to a particular ill-will to the deceased [such as anger, hatred, and revenge], but is intended to denote ... an action flowing from a wicked and corrupt motive, a thing done *malo animo,* where the fact has been attended with such circumstances as carry in them the plain indications of a heart regardless of social duty and fatally bent upon mischief. [*And therefore malice is implied from any deliberate, cruel act against another, however sudden* ].

*Id.* at 802 (quoting *Johnson v. State,* 475 So.2d 1136, 1139 (Miss.1985)).

¶14. In *Blanks v. State,* 547 So.2d 29 (Miss.1989), the defendant, an eleventh grader, initially denied knowing anything about the death of his friend who was killed by a gunshot in the head. Later, he said that he had killed his friend accidentally when he got out his mother's pistol to show his friend how to work it and that he lied initially because he was scared and confused. The defendant was indicted under the depraved heart statute. The jury was instructed on depraved heart murder as well as manslaughter by culpable negligence and returned a verdict of guilty of manslaughter. Although the defendant was convicted of manslaughter, this Court held that a jury issue was created as to whether the defendant was guilty of depraved heart murder because his conduct of moving and dumping the body and his initial statements denying the killing were not consistent with an accidental killing. *Id.* at 34.

¶15. In the present case, the jury was instructed with regard to manslaughter as well as being instructed as to depraved heart murder. In jury instruction S-4A, the jury was instructed to find the defendant guilty of manslaughter if 1) Christopher Canon was a living person, and 2) he died as a result of the defendant shooting him "without malice while in the heat of passion but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law and not in necessary self-defense." This instruction tracks the language of section 97-3-35 of the Mississippi Code. Heat of passion has been defined by this Court as:

In criminal law, a state of violent and uncontrollable rage engendered by a blow or certain other provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.

*Buchanan v. State,* 567 So.2d 194, 197 (Miss.1990).

¶16. The defendant did not request an instruction on manslaughter. Section 97-3-47 of the Mississippi Code provides that "[e]very other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter." Factually, the cases which are similar to the present case have usually been considered in the context of manslaughter by culpable negligence. In *Strode v. State,* 406 So.2d 820, 822 (Miss.1981), this Court held that evidence that the defendant pointed a gun at the victim, pulled the trigger, and the gun fired resulting in the victim's death was sufficient to sustain a conviction of manslaughter by culpable negligence. Even where a defendant claims the firing of a gun is accidental, pointing a loaded gun at an individual supports a conviction of manslaughter because the defendant's actions "show a conscious, wanton and reckless disregard of the likely fatal consequences of his willful act which created an unreasonable risk." *Jernigan v. State,* 305 So.2d 353, 354 (Miss.1974).

¶17. The evidence upon which Tait was convicted in this case came from one eyewitness, Germelle Washington. Tait chose not to testify. Washington's testimony indicated that Tait and the victim had been playing with a gun all day. Washington did not know whose gun it was. In the afternoon, Tait picked up a bracelet and asked the victim if he could wear it. The victim told him he could not, and the two started joking around and horseplaying. Tait grabbed the gun and cocked it. He put it to the victim's head, and the gun went off. Tait fell to the ground and started crying.

¶18. This evidence would not sustain a conviction for manslaughter committed in the heat of passion. Washington indicated that the two were merely joking around and horseplaying about the bracelet. There was no "state of violent and uncontrollable rage engendered by a blow or certain other provocation given."

¶19. Whether the evidence sustains a conviction for depraved heart murder is another question altogether. This Court's construction of depraved heart murder as encompassing "a reckless and eminently dangerous act directed toward a single individual" would seem to include the defendant's act of pointing a gun at the victim and pulling the trigger. However, when looking at cases which have discussed depraved heart murder, the closest factually is *Blanks v. State, supra.* Even though the defendant in *Blanks* was convicted of manslaughter, this Court said it was proper for the jury to be instructed as to depraved heart murder because the defendant's conduct following the shooting when he moved and dumped the body and his initial statements in which he denied the killing were not consistent with an accidental killing. *Blanks,* 547 So.2d at 33-34. The present case is distinguishable from *Blanks* because Tait's conduct of falling to the ground and crying following the shooting could be considered as consistent with an accident. In addition, there was no testimony indicating that the gun was the defendant's, that he knew it was loaded, or that he pulled the trigger.

¶20. We hold that if anything, the evidence supports manslaughter by culpable negligence. As in *Jernigan v. State, supra,* Tait's actions "show a conscious, wanton and reckless disregard of the likely fatal consequences of his willful act which created an unreasonable risk." However, the jury was not instructed as to manslaughter by culpable negligence because Tait failed to request such an instruction. The jury had only the options of convicting the defendant of depraved heart murder or manslaughter committed in the heat of passion or of acquitting him.

¶21. Thus, we are now confronted with the more serious question concerning whether the case should be returned to the trial court for a new trial in view of our findings that the proof was only sufficient for culpable negligence manslaughter. This Court has remanded a case to allow another jury to pass on the question

where "the evidence of defendant's guilt is of such nature as to create a serious doubt in our minds." *Clayton v. State,* 652 So.2d 720, 726 (Miss.1995). Yet, why proceed with another trial when the proof is sufficient beyond a reasonable doubt for a conviction of culpable negligence manslaughter?

¶22. This Court has clear precedent for a more reasonable alternative. The proof being sufficient beyond a reasonable doubt for culpable negligence manslaughter, this Court can simply affirm on that charge and remand for re-sentencing. This Court, in *Clemons v. State,* 473 So.2d 943 (Miss.1985), held:

> We find in the instant case that the facts are not sufficient to support the conviction for murder and that the verdict is against the overwhelming weight of the evidence. In accord with *Wells,* we find that it would serve no useful purpose to subject the state and the defendant to another trial for manslaughter when the evidence has established guilt of that crime beyond a reasonable doubt.

> We therefore reverse the conviction of appellant of murder and remand the case for resentencing for the crime of manslaughter.

*Clemons,* 473 So.2d at 945.

*¶23. Clemons* continued the precedent originally established by this Court in *Wells v. State,* 305 So.2d 333 (Miss.1974). This Court in *Wells* held that although the evidence was insufficient to support a conviction for murder, under the circumstances, the statute defining the offense of manslaughter was applicable; therefore the case was reversed and remanded for resentencing only for the crime of manslaughter. *Wells,* 305 So.2d at 339-40.

¶24. In *Dedeaux v. State,* 630 So.2d 30 (Miss.1993), Dedeaux was charged and convicted of murder where the overwhelming proof supported manslaughter instead. This Court held that "The facts herein clearly support manslaughter. This Court will follow its holdings in *Wells* and *Clemons,* and reverse and remand for resentencing for the crime of manslaughter." *Id.* at 33.

¶25. We note also that the Court has routinely affirmed on the lesser included offense of simple possession and remanded for resentencing, involving drug cases where possession with intent to deliver or sale was alleged, but the proof, though insufficient to show "intent to deliver or sale" was sufficient for simple possession. In *Murray v. State,* 642 So.2d 921 (Miss.1994), we held:

> In keeping with the decision in Miller, "where the Court has found the proof insufficient to support a charge of possession with intent to distribute, this Court has remanded the case for resentencing on the lesser included offense of possession." 634 So.2d at 129, citing *Jowers v. State,* 593 So.2d 46 (Miss.1992); *Thomas v. State,* 591 So.2d 837 (Miss.1991); *Stringfield v. State,* 588 So.2d 438 (Miss.1991); *Jackson v. State,* 580 So.2d 1217 (Miss.1991).

*Murray,* 642 So.2d at 924. *See also, Miller v. State* 634 So.2d 127, 129 (Miss.1994). The principle commenced in *Wells* and followed in *Clemons* and *Dedeaux* should also apply to the case *sub judice.*

## CONCLUSION

¶26. The evidence in this case does not support a murder conviction. However, the overwhelming evidence does support manslaughter by culpable negligence. Tait's actions "show a conscious, wanton and reckless disregard of the likely fatal consequences of his willful act which created an unreasonable risk." The jury

was not instructed as to manslaughter by culpable negligence because Tait did not ask for such an instruction. The State submitted and was erroneously granted a heat of passion manslaughter instruction. The jury only had the options of convicting Tait of depraved heart murder or manslaughter committed in the heat of passion or of acquitting him. In accord with *Wells, Clemons, Dedeaux* and other cases referred to in this opinion, we hold that it would serve no useful purpose to require the State and Tait to proceed with another trial for culpable negligence manslaughter. We reverse the conviction of murder, affirm on culpable negligence manslaughter and remand the case to the lower court for resentencing only for the lesser offense of culpable negligence manslaughter.

**¶27. AFFIRMED IN PART; REVERSED AND REMANDED FOR RESENTENCING ON THE LESSER INCLUDED OFFENSE ONLY.**

**PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS, JAMES L. ROBERTS, Jr., and MILLS, JJ., concur. DAN M. LEE, C.J., concurs in result only. McRAE, J., dissents with separate written opinion.**

### McRAE, Justice, dissenting:

¶28. Because constitutional rights should not be trampled or surrendered on the excuse of judicial economy, I dissent. The Mississippi Constitution of 1890, art. VI, § 146 provides that this Court has only appellate jurisdiction, and that no original jurisdiction may be conferred upon it. The majority does an injustice in its failure to see that our role as appellate judges on an appellate court is to determine whether an individual was properly charged and received a fair trial. This Court must live up to its responsibility to fulfill these duties. Failing to fulfill our responsibility as an appellate court by playing district attorney, grand jury and jury goes directly against our Constitution. We should instead stand firm behind the Constitution. That is what our citizens expect. Without it we are nothing.

¶29. The majority recognizes that the prosecution erred in its presentation of the case as the facts will not support a conviction for murder. It is easy to understand why prosecutors used the wrong statute when we use language similar to that found in *Windham v. State,* 602 So.2d 798, 802 (Miss.1992) and *Johnson v. State,* 475 So.2d 1136 (1985) which cloud the distinctions between certain crimes. Unfortunately, the majority allows itself to be drawn into the role of prosecutor, grand jury, and jury by introducing charges, indicting the defendant, and convicting him, all on appeal.

¶30. Although the proof may be sufficient to support a conviction for culpable negligence manslaughter, the fact remains that the prosecution failed to indict Tait on this charge. Culpable negligence manslaughter under Miss.Code Ann. § 97-3-47 (1994) is an offense distinct from murder, not a degree of murder, as culpable negligence and malice constitute two entirely different criminal elements. *Wells v. State,* 305 So.2d 333, 340 (Miss.1975) (Rodgers, J., dissenting) (citing 26 Am.Jur.Homicide § 17 at 165-66 (1940)). It is not this Court's place to decide the guilt of this defendant with respect to a completely different offense which was never an issue in the court below.

¶31. The Mississippi Constitution of 1890, art. III, § 26, as well as Amendment VI of the United States Constitution, grant the criminal defendant the right to a trial by an impartial jury. It is the jury's duty to

determine whether the facts warrant a conviction for an offense which was not included in the indictment. Miss.Code Ann. § 99-19-3 (1994) states that "[a] person indicted for a criminal offense shall not be convicted thereof, unless by confession of his guilt in open court or by admitting the truth of the charge against him by his plea, or by the verdict of a jury accepted and recorded in court." *See also* Miss.Code Ann. § 99-19-3 (1994) (only jury may find defendant guilty of lesser included offense without notice of charge in indictment.). Neither our Code or our Constitution gives this Court the authority of a jury.

¶32. How can the defendant be convicted in this Court when the charge was never presented to a jury below? The majority has violated our Constitution in the name of judicial economy. Requiring a new trial in this matter would serve the purpose of enforcing the validity of our Constitution. Accordingly, I dissent.