CARLSON, Presiding Justice,
dissenting:
¶ 52. The plurality finds that there is sufficient evidence to show that Clinton Wyatt Nolan shot his father in the heat of passion. With the utmost respect, I find that the evidence in the record does not show that Nolan acted in the heat of passion when he shot and killed his father. Therefore, for the reasons discussed below, I dissent.
¶ 53. The plurality finds that Nolan acted in the heat of passion because he stated that he had “acted out of emotion,” and because there is evidence in the record showing that Nolan was angry with his father for allegedly calling him a sexual deviant. Respectfully, I find that this is not sufficient evidence to support a heat-of-passion manslaughter conviction under Mississippi Code Section 97-3-35 (Rev. 2006).
¶ 54. We have defined heat of passion as:
*900 [A] state, of violent and uncontrollable rage engendered by a blow or certain other provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion 01-anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.
Tait v. State, 669 So.2d 85, 89 (Miss.1996) (quoting Buchanan v. State, 567 So.2d 194, 197 (Miss.1990)) (emphasis added).
¶ 55. The plurality relies on Haley v. State, 123 Miss. 87, 85 So. 129, 131-32 (1920), for the proposition that questions of provocation and “cooling off’ periods are “resolved based upon the specific facts of the case and the conditions or temperament of the defendant.” Plur. Op. ¶ 30 (emphasis added). Admittedly, the more than ninety-years-old Haley opinion does stand for this proposition. Haley, 85 So. at 131-32. Although Haley has never been expressly overruled, this Court’s subsequent caselaw does not support Haley’s — or the pluralitys — proposition.
¶ 56. For example, in Taylor v. State, 452 So.2d 441, 448 (Miss.1984), this Court found that the issue of heat of passion is an objective assessment. See also Moody v. State, 841 So.2d 1067, 1097 (Miss.2003) (The question of whether the defendant acted in the heat of passion “is an objective one, being whether a reasonable person would have been so provoked.”); Keys v. State, 33 So.3d 1143, 1148 (Miss.Ct.App.2009) (“[T]he determination of whether the defendant acted in the heat of passion and without malice is an objective question. That question is whether a reasonable person would have been so provoked.”); Dabney v. State, 772 So.2d 1065, 1069 (Miss.Ct.App.2000) (“[T]he question of whether the accused has acted in the heat of passion is to be resolved by utilization of an objective standard.The standard presupposes an individual without serious mental and emotional defects.”).
¶ 57. In today’s case, Nolan entered his father’s bedroom and shot him while he was asleep in bed. Nolan apparently was upset with his father because he was under the impression that his father thought he was a sexual deviant. I find that these facts do not support a heat-of-passion manslaughter conviction. The provocation in today’s case — the allegation that Nolan’s father thought he was a sexual deviant— would not cause a reasonable person to enter a state of violent and uncontrollable rage. Further, even if Nolan had been enraged by this, there was an adequate time for Nolan to “cool off.” While we do not know exactly when Nolan first became aware of his father’s alleged opinion of him, we do know that enough time had passed to allow Nolan’s father to fall asleep in his bedroom.
¶ 58. We previously have held that, under facts similar to those before us today, there was no evidence in the record to support a heat-of-passion manslaughter conviction. Greenlee v. State, 725 So.2d 816, 823 (Miss.1998). In Greenlee, the defendant, Aaron Greenlee, and his mother, Shelia Greenlee, had an argument about Aaron using the family vehicle to go to the fair with some' of his friends. Id. at 819. After the argument ended, Shelia fell asleep on the couch in the living room, and Aaron allegedly took three hits of LSD. Id. Aaron then took a rifle from his mother’s bedroom, walked into the living room where his mother was sleeping, and fatally shot his mother in the head. Id. Aaron was convicted of murder and, on appeal, argued that the trial court had erred in refusing to grant a manslaughter instruction. Id. This Court found that the trial *901 court did not err in refusing the instruction, stating that:
... Shelia Greenlee was asleep when her son shot her in the head. Thus, even if there was an argument between Greenlee and his mother, enough time had passed for him to go to his room, to allegedly take three hits of acid, the drugs to take effect, walk into his mother’s room to retrieve his gun, walk back to his room, load the gun with two bullets, walk back into the living room where sufficient time had passed for this mother to fall asleep, aim the gun at her head and shoot. The jury could only have returned a verdict for manslaughter by finding affirmatively that Greenlee acted without deliberate design and in the heat of passion, matters with respect to which there was no evidentia-ry basis in the record. ‘Such matters may not be inferred.’
Upon reviewing the evidence in this case, it is clear to this Court that the manslaughter instruction which was tendered by Greenlee should not have been given. There is simply no evidence in the case — offered by the State or by the defense — which would change the character of the killing so that a reasonable jury could affirmatively find that the killing of Shelia Greenlee was manslaughter.
Id. at 823 (citations omitted) (emphasis added).
¶ 59. Our holding in Greenlee is consistent with the premise that there must be an immediate and reasonable provocation to support a heat-of-passion manslaughter conviction. See Neal v. State, 15 So.3d 388, 408-09 (Miss.2009) (finding no evidence that the defendant acted upon an immediate and reasonable provocation when the defendant was suspicious “for some time” that the victim had been unfaithful to him); Smith v. State, 20 So.3d 12, 15 (Miss.Ct.App.2009) (defendant “was not entitled to claim that he was still in the heat of passion over events that happened the day before”); Alford v. State, 5 So.3d 1138, 1143 (Miss.Ct.App.2008) (“[E]ven if a past argument could be inferred between” the defendant and the victim to explain the defendant’s animosity toward the victim, this is “insufficient to satisfy the heat-of-passion element of manslaughter, as the provocation must be immediate — that is, occurring at the time of the killing.”).
¶ 60. Because Nolan was not immediately and reasonably provoked by his sleeping father, I respectfully disagree with the plurality’s finding that there is sufficient evidence to support Nolan’s heat-of-passion manslaughter conviction. Because I disagree with the plurality on this point, I will continue my discussion and consider whether the Court of Appeals correctly converted Nolan’s heat-of-passion manslaughter conviction to general manslaughter under Mississippi Code Section 97-3^7 (Rev.2006).
¶ 61. Before the Court of Appeals, Nolan argued that the trial court had erred in finding that there was sufficient evidence to support a conviction of heat-of-passion manslaughter, because the State did not present any evidence showing that Nolan had acted in the heat of passion. Nolan v. State, 61 So.3d at 913, ¶ 1.
¶ 62. Mississippi Code Section 97-3-35 (Rev.2006) states:
The killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.
¶ 63. Thus, the express language of the statute, which may be read in the disjunctive,[3] provides two options by the State *902 concerning an indictment under this statute: (1) A person may be indicted for the killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, without authority of law, and not in necessary self-defense; or (2) A person may be indicted for the killing of a human being, without malice, in the heat of passion, by the use of a dangerous weapon, without authority of law, and not in necessary self-defense.
¶ 64. In today’s case, the State chose to present this matter to the DeSoto County Grand Jury via option two. The indictment states in pertinent part:
That CLINTON WYATT NOLAN, Late of the County and State aforesaid, on or about the 26th day of May, in the year of our Lord, 2006, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, kill one Donald Nolan, a human being, without malice, in the heat of passion, by the use of a dangerous weapon, to-wit: a handgun, without authority of law and not in necessary self-defense, in violation of Section 97-3-35, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided and against the peace and dignity of the State of Mississippi.
As discussed above, we have defined heat of passion as:
[A] state of violent and uncontrollable rage engendered by a blow or certain other provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.
Tait, 669 So.2d at 89 (quoting Buchanan, 567 So.2d at 197).
¶ 65. The Court of Appeals found that, although there was not sufficient evidence to convict Nolan of heat-of-passion manslaughter, there was sufficient evidence to convict Nolan of culpable-negligence manslaughter under Mississippi Code Section 97-3^7. Nolan, 61 So.3d at 921, ¶32. This “catch-all,” or general-manslaughter, statute states: “Every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter.” Miss. Code. Ann. § 97-3-47 (Rev.2006). Importantly, Nolan was not indicted under Section 97-3^17.
¶ 66. Even though Nolan was not indicted for committing the crime referred to as general manslaughter, the Court of Appeals found that, under our ruling in Tait v. State, 669 So.2d 85 (Miss.1996), Nolan could be convicted of manslaughter under Section 97-3-47. I disagree and proceed now to explain why.
¶ 67. In Tait, this Court found that, although the evidence did not support the defendant’s depraved-heart murder conviction, the evidence supported a conviction of culpable-negligence manslaughter. Tait, 669 So.2d at 87. This Court remanded the case to the lower court for resentencing only. Id. at 91. Citing Clemons v. State, the Tait Court reasoned that “it would serve no useful purpose to subject the *903 state and the defendant to another trial for manslaughter when the evidence has established guilt of that crime beyond a reasonable doubt.” Tait, 669 So.2d„ at 91 (quoting Clemons v. State, 473 So.2d 943, 945 (Miss.1985)). Importantly, in Tait,. this Court reduced the conviction of depraved-heart murder to a conviction of a lesser-included offense — culpable-negligence manslaughter. See State v. Shaw, 880 So.2d 296, 304 (Miss.2004) (citations omitted) (“Manslaughter is a lesser-included offense of murder.”).
¶ 68. The rationale in Tait is codified in Mississippi Code Section 99-19-5(1) (Rev. 2007), which states in part: “On an indictment for any offense the jury may find the defendant guilty of the offense as charged, ... or may find him guilty of an inferior offense....” Section 2 of the statute states that “manslaughter shall be considered a lesser included offense of murder and capital murder.” Miss.Code Ann. § 99-19-5(2) (Rev.2007).
¶ 69. In today’s case, however, we are not considering a reduction of a murder conviction to manslaughter. Nolan was indicted for, and convicted of, heat-of-passion manslaughter. However, the Court of Appeals found that the evidence was legally insufficient to sustain a conviction for that crime, but that there existed in the record sufficient evidence which supported a conviction of general manslaughter. Nolan, 61 So.3d at 914, 921, ¶¶ 3, 32. Thus, the inquiry today is whether general manslaughter as defined under Mississippi Code Section 97-3^47 (Rev.2006) is a lesser-included offense of heat-of-passion manslaughter under Mississippi Code Section 97-3-35 (Rev.2006).
¶ 70. A defendant’s right to be informed of the charges against him must be in the forefront of this analysis. Miss. Const, art. 3, § 27 (1890); see Woods v. State, 200 Miss. 527, 27 So.2d 895 (1946). It must also be considered that, when a defendant is indicted for a particular crime, he also stands charged with all inferior crimes that necessarily are included in the greater charge. Miss.Code Ann. § 99-19-5(1) (Rev.2007).
¶ 71. A lesser-included offense “is one in which all the essential ingredients are contained in the offense for which the accused is indicted. Therefore, by its very definition, a defendant is always on notice of a lesser-included offense. In other words, the superior offense cannot be committed without the lesser-included offense being committed.” Wallace v. State, 10 So.3d 913, 917 (Miss.2009) (internal citations and quotations omitted).
¶ 72. This Court has never addressed whether general manslaughter is a lesser-included offense of heat-of-passion manslaughter. Our heat-of-passion manslaughter statute, Mississippi Code Section 97-3-35, states: “The killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.” Section 97-3-47 — our general manslaughter statute — states: “Every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter.” Miss. Code Ann. § 97-3-47 (Rev.2006).
¶ 73. The Court of Appeals in Miller v. State discussed the differences between these two crimes, stating that:
The common law recognized two basic forms of manslaughter. One was called voluntary manslaughter and involved the situation where the defendant purposely took the life of his victim, not without premeditation, but upon a sudden provocation sufficient to incite the defendant’s passion. Wayne R. Lafave and Austin *904 W. Scott, Jr., Handbook on Criminal Law § 75-76 (1972). This “heat of passion” manslaughter is essentially codified in Mississippi Code of 1972 Section 97-3-35.
The other form of common law manslaughter was termed involuntary manslaughter, which was designed to criminally punish a defendant whose actions caused the death of another in certain circumstances, even though the defendant had no intention or design to effect a death. Under the common law, involuntary manslaughter arose in two broad general circumstances. The first was where the defendant was committing an illegal act not amounting to a felony that caused a death, though the killing was not intended and the act was one that, in the ordinary course of events, would not reasonably be expected to produce death. The second was when the defendant was engaged in activity of a degree of negligence of such gravity as to be termed criminal negligence or culpable negligence and the culpably negligent activity caused the death of another.
Miller v. State, 733 So.2d 846, 849-50 (Miss.Ct.App.1998). Further, we have held that Section 97-3^17 is the statutory form of common-law involuntary manslaughter. Craig v. State, 520 So.2d 487, 491 (Miss.1988).
¶ 74. I find that the reasoning of the Court of Appeals in Miller is sound and also applicable to today’s case. Based on Miller, I find that a person may commit heat-of-passion manslaughter without necessarily committing the crime of general manslaughter. Thus, general manslaughter under Section 97-3-47 is not a lesser-included offense of heat-of-passion manslaughter. Heat-of-passion manslaughter, although committed through sudden provocation, requires that the defendant act with intent. General manslaughter does not require intent, but rather includes theories of accident or negligence. One may intentionally kill without acting accidentally or negligently. Stated differently, if a person intends to kill another, the killer does not act accidentally or negligently. Heat-of-passion manslaughter and general manslaughter carry with them two distinct states of mind, each exclusive of the other. Thus, the superior offense — in this case heat-of-passion manslaughter — may be committed without necessarily committing general manslaughter.
¶ 75. Our manslaughter statutes support this contention. The Mississippi Legislature has enacted eleven manslaughter statutes, each concerning different elements. Miss.Code Ann. §§ 97-3-27 to 97-3-47 (Rev.2006). The statutes do not refer to any form of manslaughter being of a varying degree or “lesser” than another form. Further, the plain language of Section 97-3^7 distinguishes itself from our other manslaughter sections. Section 97-3-47 begins with stating “every other killing of a human being....” The word “other” in Section 97-3-47 divides the Section from the remaining ten manslaughter statutes.
¶ 76. I do note, however, that the Fifth Circuit has found that, under the federal manslaughter statute, involuntary manslaughter is a lesser-included offense of voluntary manslaughter. United States v. Browner, 889 F.2d 549, 553 (5th Cir.1989) (footnote omitted). Notably, the wording of the federal statute is different from our state statutes. The federal statute provides:
(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds: Voluntary — Upon a sudden quarrel or heat of passion. Involuntary — In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or *905 without due caution and circumspection, of a lawful act which might produce death.
18 U.S.C. § 1112(a) (2009). In- holding that involuntary manslaughter is a lesser-included offense, the Fifth Circuit stated:
... [I]nvoluntary manslaughter is also necessarily a lesser included offense of voluntary manslaughter. Voluntary manslaughter encompasses all of the elements of murder: it requires proof of the physical act of unlawfully causing the death of another, and of a mental state that would constitute. malice, but for the fact that the killing was committed in adequately provoked heat of passion or provocation. Involuntary manslaughter requires proof only of a subset of those elements: the same physical act, but only a reduced mental state and no requirement at all for heat of passion or provocation. Thus, under the elements test, involuntary manslaughter under the federal statute is necessarily a lesser included offense of voluntary manslaughter.
Browner, 889 F.2d at 553 (emphasis in original).
¶ 77. However, of significant import is that, under the federal statute, the punishment for voluntary manslaughter is more severe than the punishment for involuntary manslaughter. Under federal law, one who is guilty of voluntary manslaughter shall be punished, inter alia, by imprisonment for not more than fifteen years, while one who is guilty of involuntary manslaughter shall be punished, inter alia, by imprisonment for not more than eight years. 18 U.S.C. § 1112(b) (2009). On the other hand, in Mississippi, we have eleven manslaughter statutes,[4] all of which provide for a punishment, inter alia, of imprisonment in the state penitentiary for not less than two years nor more than twenty years. Miss. Code Ann. § 97-3-25 (Rev.2006).[5]
¶ 78. In sum, prior to today, this Court has not yet addressed the issue of whether general manslaughter is a lesser-included offense of heat-of-passion manslaughter. But other jurisdictions have found that general, or involuntary, manslaughter is not a lesser-included offense of voluntary manslaughter. See People v. Orr, 22 Cal.App.4th 780, 27 Cal.Rptr.2d 553, 556 (p. 1994) (“Voluntary manslaughter can be committed without committing involuntary manslaughter, and thus the latter is not a lesser included offense of voluntary manslaughter.”); State v. Joseph, 1 Neb.App. 525, 499 N.W.2d 858, 859 (1993) (“Involuntary manslaughter is not a lesser-included offense of voluntary manslaughter.”) (emphasis in original). See also Quinlivan v. State, 627 So.2d 1082, 1087 (Ala.Crim.App.1992) (“[Rjeckless manslaughter and sudden heat-of-passion manslaughter are distinct and mutually exclusive aspects of manslaughter.”).
¶ 79. Finding that general manslaughter as defined in Mississippi Code Section 97-3-47 is not a lesser-included offense of heat-of-passion manslaughter as defined in Mississippi Code Section 97-3-35, I am constrained to find that the Court of Appeals erred in sua sponte converting the trial-court conviction of heat-of-passion *906 manslaughter under Section 97-3-35 to a general-manslaughter conviction under Section 97-3^7.
¶ 80. I respectfully disagree with the plurality’s finding that the evidence in today’s case supports Nolan’s heat-of-passion manslaughter conviction. I also find that general manslaughter under Section 97-3-47 is not a lesser-included offense of heat-of-passion manslaughter under Section 97-3-35. Thus, in my opinion, the Court of Appeals erred when it converted the heat-of-passion-manslaughter conviction into a general-manslaughter conviction and then affirmed the trial-court conviction for manslaughter. I would thus reverse the judgment of the Court of Appeals, and reverse and render the trial-court judgment of conviction and sentence for heat-of-passion manslaughter.
¶ 81. For the reasons discussed, I respectfully, but fervently, dissent.
DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION.

. Lanier v. State, 684 So.2d 93, 97 (Miss. 1996). Also, this Court, in Lanier, was con *902 fronted with the familiar issue of whether, in a capital-murder case, the trial court erred in refusing to give a lesser-offense instruction under one of our manslaughter statutes. However, in our case today, Nolan was indicted for manslaughter. The State elected to proceed under the portion of the manslaughter statute which involves a killing with the use of a dangerous weapon as opposed to a killing in a cruel or unusual manner.

. Miss.Code Ann. §§ 97-3-27 to 97-3-47 (Rev.2006).

. I in no way intend for today’s discussion on the commonality of the statutory penalties for the various forms of manslaughter to be read as an additional requirement to the well-established elements test used in Mississippi. Friley v. State, 879 So.2d 1031, 1034 (Miss.2004) (citations omitted). This discussion is simply further support of the contention that our Legislature intended Mississippi’s eleven manslaughter statutes to be separate and distinct offenses.